**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **TIMOTHY JOHN CAMPBELL,** | ) | Case No. 09-20020-drd-7 |
| **PAMELA FAITH CAMPBELL,** | ) | |
| | ) | |
| **Debtors.** | ) | |

**MEMORANDUM OPINION**

The matter before the Court in this case is the objection by the Trustee to the claim by debtors Timothy John Campbell and Pamela Faith Campbell ("Debtors") of a homestead exemption in property located in Pawhuska, Oklahoma. A hearing on the matter was held on July 16, 2009 and the Court took the matter under advisement. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B). The Trustee contends the Debtors do not occupy the property in question nor have they established that they have sufficient influence over the timing of their occupation or exhibited any overt acts in support of their stated intent to occupy. Debtors contend that it is their intention to occupy the property once their son graduates from high school in two years and that they plan to work out the details of getting employment and repairing the property during the time they are still living in Missouri. This opinion contains the Court's Findings of Fact and Conclusions of Law as required by Rule 52 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. For all the reasons stated below, the Court sustains the Trustee's objection to the Debtors' claim of a homestead exemption in the property.

I. BACKGROUND

On January 8, 2009, Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Debtors' Schedule A indicated they had no interest in any real property. On January 18, 2009 debtor Pamela Campbell's grandmother passed away. Mrs. Campbell and her brother each inherited an undivided one-half interest in certain real property located at 1002 N. Ash, Pawhuska, Oklahoma, 74056 ("Property"). On May 18, 2009, Debtors amended their Schedules to include the Property on Schedule A and list it as exempt pursuant to Mo. Rev. Stat. § 513.475(1) on their Schedule C. The Trustee objected to the claimed homestead exemption.

Debtors rent their home in Linn, Missouri and indicate that it is their intent to move to the Property. Debtor's brother, who inherited a one-half interest in the Property, does not object to Debtors taking possession of the Property. They have one son, age 16, who is currently in high school. Debtor Timothy Campbell has been working for the same employer in Jefferson City, Missouri for the past six years. The Property is approximately 56 years old and is in need of repairs. Debtors argue that they plan to move to the Property once their son has graduated from high school, in approximately two years. They agree that they do not have a detailed plan regarding employment or the funds needed to repair the Property, but they contend that they have two years to get these things in order. Debtors contend that the homestead exemption is proper and should be allowed.

The Trustee argues that the Debtors cannot claim a homestead exemption because they do not occupy the Property and they have not shown a intent to occupy it in that they do not know exactly when they will move there, how they will pay to maintain it or where they will work. The Trustee contends that the homestead exemption is improper and should be denied.

## II. DISCUSSION AND ANALYSIS

In Missouri, a debtor may exempt their homestead, which consists of a dwelling house and appurtenances, and the land used in connection therewith, up to the value of fifteen thousand dollars. Mo. Rev. Stat. § 513.475(1) (2008). Exemption laws are enacted to provide relief to the debtor and are liberally construed in favor of the debtor. *In re Schissler*, 250 B.R. 697, 700 (Bankr. W.D. Mo.2000); *In re Turner*, 44 B.R. 118, 119 (Bankr. W.D. Mo.1984). As a general rule, to constitute a "homestead" for purposes of §513.475(1), a debtor must establish both ownership and occupancy of the premises. *Schissler*, 250 B.R. at 700; *In re Dennison*, 129 B.R. 609, 610 (Bankr. E.D. Mo.1991); *In re Robinson*, 75 B.R. 985, 988 (Bankr. W.D. Mo.1987). Occupancy, however, is not an absolute prerequisite to a claim of homestead exemption. "If a debtor does not occupy the property that is being claimed as exempt, a debtor must show intent to occupy the property and an ability to control or strongly influence the time of occupation." *In re Knotts*, 405 B.R. 322 (Bankr. E.D. Mo.2009) *citing Dennison*, 129 B.R. at 611. "Intent to occupy requires both a declaration of intent and overt acts that support the intention." *Id*. As the party objecting to the exemption, the Trustee has the burden of proof. Fed. R. Bankr. Proc. 4003(c).

The Honorable Barry S. Schermer of the Bankruptcy Court for the Eastern District of Missouri summarized the requirements for claiming a homestead exemption in Missouri as follows:

> [I]n order to claim a homestead exemption pursuant to R.S.Mo. §513.475(1), a debtor must 1) occupy the qualified exempted property or 2) exhibit both an intent to occupy such property, and an ability to control or strongly influence the time of occupation. An

3

> intent to occupy the premises must be exhibited by both a declaration of such intent and overt acts in support of such intention. (citations omitted) Regarding the debtor's control over the time of occupation, the debtor must prove that such occupation is either imminent or reasonably close in time and is neither indefinite nor incapable of measurement.

*Schissler*, 250 B.R. at 700 *quoting Dennison*, 129 B.R. at 611.

Applying these basic principles to the instant case, it is clear that the Trustee's Objection to the Debtors' claim of homestead exemption in the Property must be sustained. Debtors do not occupy the Property, therefore, they must establish their "intent to occupy," as that clause has been defined by the Missouri courts. Debtors must establish that they have the ability to influence the timing of their occupation, which must be imminent or at least reasonably close in time and that they have engaged in an overt act or acts in support of their stated intention. Debtors argue that they intend to move from their place of residence in Linn, Missouri to Pawhuska, Oklahoma sometime after their 16 year old son graduates from high school, which is at a minimum two years from now. Although Debtors testified that the Property is in need of major repairs, they do not know at this time exactly what is needed, what the costs will be or how they will come up with the money to make said repairs. Debtors admit they have no resources with which to make such repairs now and it is not clear how they will obtain them, especially since they do not know what the cost of the repairs will be. Their plan regarding making repairs to the Property is simply to look for more ways to earn income while they are still employed here and reduce expenses to try to save money. Although Mr. Campbell has been employed with the same company for approximately 6 years in Jefferson City, Missouri and has

a retirement plan, he plans to quit his job as the sole bread winner for the family and seek employment in Pawhuska, a plan which seems somewhat short sighted considering the uncertainties of the job market. His employment is critical to their plan. Mrs. Campbell testified that she requires the insurance provided by his employer as a result of her medical condition. In addition, Debtors have no significant retirement income. Mrs. Campbell testified that he has just vested with his employer and is just beginning to make contributions which will be matched by the employer. Mrs. Campbell has not been in the job market and has no identified possibilities in Pawhuska.

The Court finds that Debtors' stated intention regarding occupancy of the Property sometime after their son graduates from high school is far too tenuous to qualify as an "intent to occupy." Their anticipated date of occupation is certainly not "imminent," and the Court finds two years at a minimum not "reasonably close in time." A lot can happen in the span of two years which could completely change Debtors' intention to move to Pawhuska, especially when a teenager is involved. The Court finds Debtors' plans, or lack thereof, regarding employment and repairing the Property much too vague and indefinite to be considered a viable, reliable plan to occupy the Property at some future date unknown at this time. The Court finds that Debtors have failed to establish that they have sufficient control or influence over the timing of their occupation of the Property. Additionally, there is no evidence of a single overt act by Debtors in support of their stated intention to occupy the Property. For these reasons, the Court finds it improper for the Debtors to exempt the Property as their homestead pursuant to § 513.475(1).

### III. CONCLUSION

Accordingly, for the foregoing reasons, the Court sustains the Trustee's objection to

5

Debtors' claim of a homestead exemption in the Pawhuska, Oklahoma property.

A separate order will be entered as required by Rule 9021.

Dated: <u>August 25, 2009</u>     <u>/s/ Dennis R. Dow</u>
THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Janice A. Harder
Harry D. Boul